## Psaki v. Ferrari

*Steven J. Proctor,* for plaintiff.

*E. Craig Kalemjian,* for defendant Darlene Ferrari.

*A. Bruce Niccolo,* for petitioner William Koepke.

WOOD, *J.,* October 14, 1987 — On July 25, 1985, plaintiff entered a default judgment against defendants in the amount of $99,408.[1] On October 30, 1985, plaintiff filed a praecipe directing the prothonotary to index a lis pendens against real property located at 680 Wetherby[2] Lane, Devon, Pa. 19333. On July 8, 1986, on petition of William Koepke, the record owner of 680 Wetherby Lane, Devon, Pa., the lis pendens was removed by this court, to allow Mr. Koepke to convey the said property with clear title. $110,000 from the proceeds of the sale of the premises was paid over to the prothonotary of Chester County by petitioner as security for the judgment, pending a determination of the validity and propriety of the lis pendens. Before me now is William Koepke's petition for the return of this security.

Mr. Koepke alleged in his petition that at the time the judgment was entered in this case, he was the record owner of the subject property, title having

---

1. Plaintiff's praecipe for default judgment directed the prothonotary to enter judgment "in the amount of $99,408, compensatory damages, plus interest, costs, and attorney's fees, plus punitive damages in excess of $20,000." Judgment was duly docketed and entered on the judgment index in the amount of $99,408 only, pursuant to Pa.R.C.P. 1037.

2. Also spelled "Weatherby" in the papers filed.

been conveyed to him by deed from Darlene Ferrari Grosso, a/k/a Darlene Ferrari Sempieri, dated March 5, 1985, and recorded in the office of the Recorder of Deeds of Chester County in Deed Book I65, page 315. His petition also states, in paragraph 11, that the lis pendens was improperly entered against his property in that:

"(a) There is not, nor has there ever been, an action to which petitioner is or was a party to which the lis pendens could have arisen from (sic).

"(b) The judgment on which plaintiff caused the lis pendens to be lodged against one Darlene Ferrari. There is no Darlene Ferrari in the chain of title to 680 Weatherby Lane.

"(c) Even if the judgment were good as to petitioner's predecessor in title, it was not entered until after petitioner acquired title and therefore could not constitute a line (sic) upon the subject premises.

"(d) Lis pendens is an equitable remedy involved to determine questions of title to real property (sic). In the instant case, there is no equitable action, and no question as to the ownership of the premises. All that is sought is money damages."

In his answer to Mr. Koepke's petition, respondent Martin Psaki responded to the allegations of paragraph 11 thus:

"(11) Denied that lis pendens was improperly entered against the property, in that:

"(a) Respondent Psaki is entitled under the Pennsylvania Rules of Civil Procedure governing the enforcement of judgments for the payment of money (rule 3103 et seq.) to file a lis pendens upon and execute upon real property of a judgment defendant in the name of a garnishee. In the instant case, if it is established the transfer of title to the property from Darlene Ferrari, the judgment defendant, to

William Koepke was a fraudulent transfer, Koepke's status would be that of a garnishee holding a judgment defendant's property against which the judgment creditor may execute.

"(b) Denied that there is no Darlene Ferrari in the chain of title to 680 Weatherby Lane. On the contrary, petitioner is being disingenuous in alleging Darlene Ferrari does not appear in the chain of title, as he avers in paragraph 4 of his own petition that title to the property was conveyed to him by Darlene Ferrari Grosso, a/k/a Darlene Ferrari Sempieri, and as Darlene Ferrari and Joseph Grosso are co-defendants in the instant action. Darlene Ferrari and Darlene Ferrari Grosso are one and the same person.

"(c) Denied that respondent Psaki's judgment could not constitute a lien upon the subject premises. On the contrary, respondent believes and therefore avers that title to the subject property was transferred by Darlene Ferrari to petitioner Koepke for less than fair consideration at a time when Darlene Ferrari was aware of respondent Psaki's suit against her, and that said transfer therefore constituted a fraudulent conveyance as to respondent, entitling him to a lien against the premises.

"(d) Denied that lis pendens is only an equitable remedy to determine questions of title to real property. It is also available, as alleged above, as a mechanism for judgment creditors to collect on their judgments out of property in the hands of a garnishee."

The matter was ordered for argument on petition and answer by Mr. Koepke. Pursuant to Pa.R.C.P. 209(b), "all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule . . .". Mr. Psaki argues that the averments of his answer, taken as true and admitted by petitioner, are suffi-

cient to establish that the transfer from Darlene Ferrari to Mr. Koepke was fraudulent.

However, even assuming that Mr. Psaki's averments are sufficient to establish a fraudulent transfer, Mr. Psaki, as a creditor whose claim has matured, would then be required to follow the remedies prescribed in the Uniform Fraudulent Conveyance Act, 39 P.S. §351 et seq. 39 P.S. §359(1) provides:

"(1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser:

"(a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim; or

"(b) Disregard the conveyance, and attach or levy execution upon the property conveyed."

Mr. Psaki has utilized neither of these remedies. Instead, he contends that he properly caused a lis pendens to be indexed against Mr. Koepke's property pursuant to Pa.R.C.P. 3104(c) by deeming Mr. Koepke a garnishee, as described in Pa.R.C.P. 3101(b).

Pa.R.C.P. 3101 et seq. provide the sole method for commencement of the execution process: Goodrich Amram, 3103(a):1.1 at 57. First, plaintiff must file a praecipe for a writ of execution: Pa.R.C.P. 3103. Pa.R.C.P. 3104(c) provides that "[w]hen the writ directs attachment of real property of the defendant in the name of a garnishee, the prothonotary of the county in which the writ is to be executed, upon praecipe of the plaintiff so directing and describing

the real property in that county shall index the writ against the garnishee as a lis pendens . . .".

The rules clearly require that the lis pendens be predicated on a writ of execution. They do not provide authority for a plaintiff to order a lis pendens without following the prescribed rules for execution.

The real evil to be avoided is this: A lis pendens is a powerful document, which ties up title to real estate. In effect, it deprives one of the right to transfer property, without a hearing. Its use should be limited to those circumstances where the equities demand it. In this case, Mr. Koepke was not a debtor of plaintiff and was never a party to the proceedings in which default judgment was taken. His property was never the subject of pending litigation. To allow a lis pendens to be indexed under these circumstances would allow anyone holding a judgment to cloud the title to real property owned by any other individual, even a stranger to the litigation, simply by filing a praecipe.

I conclude that there was no basis for a lis pendens to be entered against the property at 680 Wetherby Lane, Devon, Pa. Accordingly, I enter the following

## ORDER

And now, October 14, 1987, the petition of William Koepke, is hereby granted; the claim of respondent, Martin Psaki, against 680 Weatherby Lane, Devon, Pa., is hereby dismissed, and the security posted by William Koepke in the amount of $110,000 *plus interest,* if any, shall be returned to him. Respondent shall bear the costs of this litigation.